## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**                         **CRIMINAL ACTION**

**VERSUS**                                                        **NO. 12-317**

**RONALD BREAUX**                                       **SECTION: "G"(5)**

### ORDER AND REASONS

Before the Court are Ronald Breaux's ("Breaux") "Motion for Review of Sentence Pursuant to 18 U.S.C. § 3742(a)(1),"[1] "Motion that this Court Issue a Writ to Vacate this 'Void' Judgment in an Effort to 'Quae Coram Nobis Resident,'"[2] Motion to Appoint Counsel,[3] two identical "Motion[s] to Challenge the Process of this Case as 'Plain Error' and/or reverse the Void Judgment and Conviction of this Court, Pursuant to Fed. R. Crim. P., [sic] Rule 52(b),"[4] a "Motion to Request Evidentiary Hearing,"[5] a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody,"[6] and a "Motion to Compel Judgment, Pursuant to Federal Rules of Civil Procedure, Rule 12(c)."[7] Having considered the pending motions, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motions.

### I. Background

On December 13, 2012, Breaux was indicted by a federal grand jury on one count of receipt of child pornography.[8] On June 14, 2013, Breaux was charged in a four-count Superseding

---

[1] Rec. Doc. 88.

[2] Rec. Doc. 92.

[3] Rec. Doc. 96.

[4] Rec. Docs. 98, 99.

[5] Rec. Doc. 108.

[6] Rec. Doc. 109.

[7] Rec. Doc. 112.

[8] Rec. Doc. 1.

Indictment with receipt, distribution, advertising and possession of child pornography.[9] On August 9, 2013, Breaux pleaded guilty to Count Two of the Superseding Indictment for distribution of child pornography.[10] In the plea agreement entered between Breaux and the Government, Breaux agreed to waive most of his appellate rights, including the right to object to the way in which his sentence was determined, to contest the application of the Sentencing Guidelines, and to challenge his sentence collaterally, including "any and all rights which arise under Title 28, United States Code, Section 2255[.]"[11] On November 13, 2013, this Court sentenced Breaux to 151 months imprisonment, to be followed by a term of supervised release of five years.[12]

On March 14, 2014, Breaux filed a "Motion By Next Friend Seeking Permission to Proceed Under Federal Rule of Civil Procedure 17(c)(2)," requesting that the Court appoint Edgar Searcy as his "next friend" to represent his interests in this case.[13] On May 14, 2014, the Court denied the motion, reasoning that during the re-arraignment, the Court assessed Breaux's competency, and based on Breaux's own representations under oath, the Court found that he is not incompetent within the meaning of Federal Rule of Civil Procedure 17(c)(2).[14]

On February 9, 2015, Breaux filed his "Motion for Review of Sentence Pursuant to 18 U.S.C.

---

[9] Rec. Doc. 22.

[10] Rec. Doc. 67.

[11] Rec. Doc. 70 at 2–3.

[12] Rec. Doc. 82.

[13] Rec. Doc. 85. Federal Rule of Civil Procedure 17(c)(2) provides that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."

[14] Rec. Doc. 87.

§ 3742(a)(1)."[15] On February 25, 2015, the Court ordered the United States Attorney for the Eastern District of Louisiana to file a response into the record, noting that courts have construed motions filed under 18 U.S.C. § 3742(a)(1) as motions for habeas corpus relief under 28 U.S.C. § 2255.[16] On March 10, 2015, the Government filed a response into the record.[17] It argued that the Court should give notice to the Defendant in accordance with *Castro v. United States*.[18] Alternatively, it argued that the motion is untimely and should be dismissed with prejudice.[19] On March 18, 2015, Breaux filed a "Motion that this Court Issue a Writ to Vacate this 'Void' Judgment in an Effort to 'Quae Coram Nobis Resident.'"[20]

On March 24, 2015, the Court entered an Order notifying Breaux of its intent to construe his motions as a "Petition Under 28 U.S.C. § 2255 for Writ of Habeas Corpus by a Person in Federal Custody."[21] The Court noted that a writ of coram nobis is not available to prisoners who remain in federal custody.[22] Therefore, where, as here, the prisoner remains in federal custody, courts should construe such motions as motions for habeas corpus relief under 28 U.S.C. § 2255.[23] Accordingly, pursuant to *Castro v. United States*, the Court issued an Order notifying Breaux that he had until April 24, 2015, to withdraw or amend his motions so that they contained any and all Section 2255

---

[15] *Id.* at 1–3.

[16] Rec. Doc. 89 (citing *See United States v. Gibbs*, 82 F. App'x 879, 880 (5th Cir. 2003)).

[17] Rec. Doc. 91.

[18] *Id.* at 5–6.

[19] *Id.* at 6–9.

[20] Rec. Doc. 92 at 1.

[21] Rec. Doc. 93.

[22] *Id.* (citing *United States v. Urdiales Garcia*, 442 F. App'x 935, 936 (5th Cir. 2013) (citing *United States Esogubue*, 357 F.3d 532, 534 (5th Cir. 2004))).

[23] *See id.* (citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)).

claims he believes that he has.[24]

On April 1, 2015, Breaux filed a Notice of Appeal, asserting that the Court acted in "bad faith" in attempting to re-characterize his motions as motions for habeas corpus relief under 28 U.S.C. § 2255.[25] While his appeal was pending, Breaux also filed a motion to appoint counsel in this Court.[26] On June 3, 2015, the United States Fifth Circuit Court of Appeal dismissed Breaux's appeal, finding that he failed to timely pay the docketing fee.[27] In response, Breaux filed two "Motion[s] to Challenge the Process of this Case as 'Plain Error' and/or reverse the Void Judgment and Conviction of this Court, Pursuant to Fed. R. Crim. P., Rule 52(b)," reasserting the arguments made in his prior motions.[28]

On September 2, 2015, Breaux filed a Notice of "Interlocutory Appeal," arguing that this Court has taken over eight months to respond to his motions.[29] While his appeal was pending, Breaux also filed a "Motion to Request Evidentiary Hearing"[30] and a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."[31] On January 20, 2016, the United States Fifth Circuit Court of Appeal dismissed his appeal, finding that Breaux had failed to identify the judgment or order that he wanted the court to review, depriving the court of

---

[24] 540 U.S. 375, 383 (2003).

[25] Rec. Doc. 94.

[26] Rec. Doc. 96.

[27] Rec. Doc. 97.

[28] Rec. Docs. 98, 99.

[29] Rec. Doc. 100.

[30] Rec. Doc. 108.

[31] Rec. Doc. 109.

jurisdiction over his appeal.[32]

On February 4, 2015, Breaux filed a "Motion to Compel Judgment, Pursuant to Federal Rules of Civil Procedure, Rule 12(c)."[33] The Government filed its opposition to Breaux's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" on March 22, 2016.[34]

## II. Parties Arguments

### A.    Arguments Asserted by Breaux in his Various Motions

In his "Motion for Review of Sentence Pursuant to 18 U.S.C. § 3742(a)(1)" Breaux asserts that the Court committed the following errors: (1) denied him adequate representation; (2) appointed him counsel divesting him of his First Amendment right to petition the Government; (3) denied him "the right to a district previously ascertained by law and/or failed to properly advise the defendant his right to be tried in the district in which the crime is alledged [sic] to have been committed in;" (4) failed to properly advise him of his Tenth Amendment rights; (5) "created a conflict of interest, and a miscraige [sic] of justice that allows the imprisonment of the innocent citizens that the court is empowered to protect;" (6) compelled him to enter into a plea agreement; and (7) deprived him of his "due process right to offer a defense and confrontation."[35] Accordingly, Breaux urges this Court to "certify this Constitutional question for presentation to the United States Supreme Court."[36]

In his "Motion that this Court Issue a Writ to Vacate this 'Void' Judgment in an Effort to

---

[32] Rec. Doc. 111.

[33] Rec. Doc. 112.

[34] Rec. Doc. 115.

[35] Rec. Doc. 88 at 1–3.

[36] *Id.*

'Quae Coram Nobis Resident,'" Breaux argues that his "federal judgment of guilt was procured by 'fraud,' and/or a 'manifest injustice.'"[37] Breaux asserts that he was "compelled to plea [sic] guilty for knowingly possessing child pornography."[38] He asserts that the Court should consider "new evidence" that he is legally blind, must use a wheelchair and has difficulty hearing.[39] He argues that these conditions make his conviction a "legal impossibility."[40] Accordingly, Breaux urges the Court to grant his writ of coram nobis and vacate this void federal judgment or, alternatively, appoint counsel to represent him.[41]

In his "Motion to Appoint New Counsel," Breaux argues that he is totally blind and unable to access the law library due to his disability.[42] He asserts that he is unfairly disadvantaged due to his disability and requires assistance of counsel.[43]

Breaux then filed two identical documents, both entitled "Defendant's Motion to Challenge the Process of This Case as 'Plain Error' and/or Reverse the Void Judgment and Conviction of This Court, Pursuant to Fed. R. Crim. P., [sic] Rule 52(b)."[44] In these motions, Breaux argues that the Court had a duty to appoint adequate counsel to represent him, and the Court did not require that his appointed counsel "perform her duties professionally and ethically."[45] Breaux asserts that he was

---

[37] Rec. Doc. 92 at 1.

[38] *Id*. at 3–4.

[39] *Id*. at 4.

[40] *Id*.

[41] *Id*. at 5.

[42] Rec. Doc. 96.

[43] *Id.*

[44] Rec. Docs. 98, 99.

[45] *Id.* at 1–2.

coerced into signing a guilty plea, and "was not advised by counsel that physical blindness was a defense to the government's assertions that he 'knowingly' possessed a visual depiction," rendering his guilty plea void as it was entered unknowingly.[46] He contends that it was impossible for him to knowingly possess a visual depiction because he is legally blind.[47] Accordingly, he urges the Court to appoint counsel to assist him in presenting his claims.[48]

## B.     The Government's Opposition

On October 16, 2015, the Government filed an opposition to Breaux's motions.[49] In its opposition, the Government asserts that all of Breaux's claims are time-barred and should be denied.[50] The Government contends that Breaux's motions are untimely because they were submitted more than one year after his conviction became final, and Breaux is not entitled to equitable tolling.[51] According to the Government, Breaux's sentence became final on November 28, 2013, when the time expired for him to file a notice of appeal to the Fifth Circuit.[52] Because Breaux did not file his Section 2255 motion within one year, the Government asserts that his motions are untimely.[53] Moreover, the Government contends that Breaux has not meet his burden of showing entitlement to equitable tolling, as he offered no explanation for his delay in filing or that the

---

[46] *Id.* at 2.

[47] *Id.*

[48] *Id.*

[49] Rec. Doc. 106.

[50] *Id.* at 5.

[51] *Id.* at 6.

[52] *Id.*

[53] *Id.* at 7.

situation presented here is rare and exceptional.[54]

Additionally, the Government contends that Breaux's claims that the Court committed constitutional errors are procedurally defaulted as they were not raised in an appeal to the Fifth Circuit.[55] The Government asserts that "[t]he claims Breaux makes as to errors supposedly made by the Court fit squarely within Fifth Circuit doctrine mandating such allegations to be brought on direct appeal."[56] The Government notes that Breaux does not explain why he was unable to pursue them on direct appeal.[57] Moreover, it asserts that Breaux cannot establish that actual prejudice or a complete miscarriage of justice will result from his default.[58]

Finally, the Government avers that only two of Breaux's claims—actual innocence/legal impossibility and ineffective assistance of counsel—are cognizable under Section 2255.[59] Even assuming that these claims are not time-barred, the Government asserts that they should be denied.[60] As to his actual innocence claim, the Government contends that Breaux has not meet his high burden of showing that "it is more likely than not that no reasonable juror would have found him guilty."[61] The Government contends that Breaux's argument that he is legally blind ignores the difference between legal blindness and actual, complete blindness.[62] The Government notes that in his factual

---

[54] *Id.*

[55] *Id.* at 8.

[56] *Id.* at 10.

[57] *Id.*

[58] *Id.*

[59] *Id.*

[60] *Id.*

[61] *Id.* at 11.

[62] *Id.*

basis, Breaux admitted to using a computer to search for, type, download, catalogue and share child pornography.[63] The Government asserts that if Breaux had been completely unable to see, his use of the computer to create storage folders and input search terms would have been impossible.[64] Accordingly, the Government asserts that Breaux's actual innocence claim is without merit.[65]

The Government also contends that Breaux's ineffective assistance of counsel claims are without merit.[66] The Government categorizes Breaux's ineffective assistance of counsel claim as having three prongs: "(1) lack of sufficient investigation and investigative resources; (2) failure to mount and present a good/active/valid/successful defense; and (3) defendant's having been coerced involuntarily into entering a plea."[67] The Government asserts that Breaux's argument that his counsel failed to investigate his case should be denied because Breaux does not offer any specifics as to how the investigation was insufficient or what additional investigation would have uncovered.[68] As to counsel's failure to present a valid defense, the Government asserts that this claim is meritless because Breaux would not have been successful on a "blindness" defense.[69] Moreover, the Government argues that Breaux insufficiently describes counsel's purported ineffectiveness.[70] Finally, the Government contends that Breaux's claim that he was coerced into entering a guilty plea must fail because Breaux's sworn statements at his plea hearing establish that he was not threatened

---

[63] *Id.*

[64] *Id.*

[65] *Id.* at 12.

[66] *Id.*

[67] *Id.* (citations omitted).

[68] *Id.* at 14.

[69] *Id.* at 15–16.

[70] *Id.* at 16.

or forced to plead guilty.[71]

Finally, the Government avers that Breaux is not entitled to appointed counsel because he has not asserted any cognizable claims and is not entitled to an evidentiary hearing.[72]

## C.      Breaux's Reply

On October 29, 2015, Breaux filed a reply memorandum in response to the Government's opposition.[73] Breaux asserts that the Government's opposition was made in bad faith.[74] He notes that the Government's opposition states that he was convicted of distribution of child pornography, rather than possession of child pornography.[75] Breaux contends that it is impossible to distribute child pornography without possessing it.[76] He asserts that the Assistant United States Attorney threatened him by stating that he would die in prison if he did not plead guilty.[77]

Breaux notes that the Court inquired as to whether he could read braille during the rearraignment hearing, and that he indicated that he could not see his signature on the plea agreement.[78] He asserts that the Court should have ordered an examination of his eyesight.[79] He avers that he could not have knowingly committed a crime involving a visual depiction because he

---

[71] *Id.* at 16–17.

[72] *Id.* at 17–18.

[73] Rec. Doc. 107.

[74] *Id.* at 1.

[75] *Id.* at 1–2.

[76] *Id.* at 2.

[77] *Id.*

[78] *Id.* at 3.

[79] *Id.*

was unable to see.[80]

Breaux argues that the Court misrepresented the essential elements of the charged offense and failed to determine that Breaux understood the elements of the offense.[81] He contends that the Court failed to determine that the there was a factual basis to support the conviction because the conviction centered on a visual depiction, making it impossible for him to knowingly commit the offense.[82]

### D.   Arguments Asserted by Breaux in his Various Motions Filed After the Government's Opposition

On December 1, 2015, Breaux filed a "Motion to Request Evidentiary Hearing," asserting that the U.S. Attorney's Office and Federal Public Defender's Office "contrived [sic] a scheme to induce within [Breaux] a fear that they would indict his 9 year old Grand Daughter et. al. [sic] in the event he demanded a trial."[83] He asserts that he presented evidence to the U.S. Attorney's Office and Federal Public Defender's Office of his total physical blindness.[84] Accordingly, he contends that there is a factual issue in dispute, whether Breaux is totally blind, which requires an evidentiary hearing.[85]

On January 15, 2016, Breaux filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."[86] Therein, he asserts that his appointed counsel

---

[80] *Id.* at 4.

[81] *Id.* at 5–6.

[82] *Id.* at 7.

[83] Rec. Doc. 108 at 1.

[84] *Id.* at 2.

[85] *Id.*

[86] Rec. Doc. 109.

was ineffective by failing to independently examine the facts and circumstances of his case.[87] He argues that counsel should have moved the Court to appoint experts and investigators to identify co-conspirators, identify other perpetrators, examine Breaux's physical ability to see the visual depictions, and determine whether Breaux was totally blind or legally blind at the time of the offense.[88] He also asserts that his counsel failed to: (1) investigate his personal or medical history to determine if his blindness was a viable defense; (2) interview witnesses to determine if he was pre-disposed to commit such crimes; (3) conduct interviews to determine if others had access to the computer; (4) advise Breaux that a jury must find that he knew the images were on the computer and that he put the images there; (5) discover how agents singled Breaux out as the only possible perpetrator; and (6) object to the Court's failure to comply with Rule 11 of the Federal Rules of Criminal Procedure.[89] Breaux avers that his counsel was also ineffective in failing to advise him of the waivers entered as a result of his plea agreement.[90]

Breaux asserts that the Court denied him due process of law by: (1) failing to appoint investigators or experts to determine if he was legally blind or actually completely blind; (2) witnessing his inability to identify his own signature on the plea agreement; (3) failing to inform him of all essential elements of the charged offense; (4) failing to determine that a factual basis existed to support the conviction; (5) failing to appoint adequate representation; (6) failing to read the plea agreement in open court.[91]

---

[87] *Id.* at 4.

[88] *Id.*

[89] *Id.* at 5.

[90] *Id.*

[91] *Id.* at 8.

Breaux argues that his motion is timely "due to his obvious disadvantage of being totally blind."[92] He contends that he has been denied meaningful access to the law library and access to the Court because the Court has refused to allow another inmate to file motions on his behalf.[93] He also asserts that he has been denied access to his case file.[94] Therefore, according to petitioner, there were impediments barring him from filing a meaningful 2255 motion.[95]

On February 4, 2016, Breaux filed a "Motion to Compel Judgment, Pursuant to Federal Rules of Civil Procedure, Rule 12(c)," urging the Court to recognize Kelly Patrick Riggs ("Riggs") as an interested party in this case.[96]

### E.  The Government's Opposition to Breaux's Motion to Vacate

On March 22, 2016, the Government filed an opposition to Breaux's Motion to Vacate.[97] In its opposition, the Government asserts that the motion should be denied for the reasons set forth in the Government's prior opposition.[98] Additionally, the Government asserts that the motion is a successive motion under Section 2255.[99] The Government notes that pursuant to 28 U.S.C. § 2255(h) a federal prisoner may not file a second or successive application for post-conviction relief without first obtaining certification from the court of appeals.[100] Because Breaux has not obtained appellate

---

[92] *Id.* at 12.

[93] *Id.*

[94] *Id.*

[95] *Id.*

[96] Rec. Doc. 112.

[97] Rec. Doc. 115.

[98] *Id.* at 2.

[99] *Id.*

[100] *Id.*

certification, the Government asserts that the Court lacks jurisdiction to consider the successive motion.[101]

### III. Law and Analysis

A federal prisoner may move to vacate, set aside, or correct his sentence based on four grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack."[102] "The scope of relief under § 2255 is consistent with that of the writ of habeas corpus."[103] Relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and, would, if condoned, result in a complete miscarriage of justice."[104]

An evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief,"[105] or the prisoner fails to show any "independent indicia of the likely merit of [his] allegations."[106] The prisoner must establish his claims by a preponderance of the evidence.[107] If the court determines that the prisoner is entitled to relief "[it] shall vacate and set the judgment aside and shall discharge the prisoner or resentence him

---

[101] *Id.* at 3.

[102] 28 U.S.C. § 2255(a); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

[103] *Id.*

[104] *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981).

[105] 28 U.S.C. § 2255(b).

[106] *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006); *see also United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990) ("If the record is clearly adequate to dispose of the allegations, the court need inquire no further.").

[107] *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980).

or grant a new trial or correct the sentence as may appear appropriate."[108]

As an initial matter, the Court notes that the Government argues that Breaux's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody"[109] should be dismissed as a successive petition. However, on March 24, 2015, pursuant to *Castro v. United States*, the Court issued an Order notifying Breaux that he had until April 24, 2015, to withdraw or amend his motions so that they contained any and all Section 2255 claims he believes that he has.[110] Although Breaux did not file the Section 2255 motion until well after the deadline, the Court will consider the arguments asserted by Breaux in his subsequent motion.

### A.    *Waiver of Appeal Rights*

As part of a plea agreement, a defendant may waive his statutory right to appeal and to seek post-conviction relief under 28 U.S.C. § 2255.[111] In considering the validity of an appeal waiver, the Fifth Circuit conducts a two-step inquiry examining: "(1) whether the waiver was knowing and voluntary, and (2) whether, under the plain language of the agreement, the waiver applies to the circumstances at issue."[112] It is the responsibility of the district court "to insure that the defendant fully understands his right to appeal and the consequences of waiving that right."[113]

Here, the evidence indicates that Breaux's plea and waiver were both knowing and voluntary. Breaux's signed plea agreement contains an express waiver of his right to appeal or seek post-

---

[108] 28 U.S.C. § 2255(b).

[109] Rec. Doc. 109.

[110] Rec. Doc. 93.

[111] *United States v. Harrison*, 777 F.3d 227, 233 (5th Cir. 2015). *See also United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

[112] *Id.*

[113] *United States v. Gonzalez*, 259 F.3d 355, 357 (5th Cir. 2001) (quoting *United States v. Baty*, 980 F.2d 977, 979 (5th Cir. 1992)).

conviction relief under Section 2255.[114] In addition, during Breaux's rearraignment the Court summarized the Superseding Indictment,[115] noted the maximum terms of imprisonment under the statute[116] and specifically questioned Breaux about his appeal waiver.[117] The Court asked the Assistant United States Attorney to explain the terms of the plea agreement,[118] and Breaux confirmed that he understood the terms of the plea agreement and had reviewed it with his lawyer.[119] Breaux stated that he understood he was waiving his right to appeal, except under the limited circumstances outlined in the plea agreement.[120] Breaux acknowledged that his attorney had advised him of his appeal rights and the effect of waiving his appeal rights.[121] The Court specifically confirmed that Breaux understood the terms and conditions of the plea agreement and that he had not been induced or persuaded to plead guilty because of any promises or threats made by anyone.[122] Breaux's attorney stated she was satisfied that Breaux was pleading guilty voluntarily, understandingly and with full knowledge of the consequences of his plea.[123]

Breaux's "[s]olemn declarations in open court carry a strong presumption of verity."[124] By

---

[114] Rec. Doc. 70.

[115] Rec. Doc. 106-1 at 9–10.

[116] *Id.* at 12.

[117] *Id.* at 24–27.

[118] *Id.* at 19–21.

[119] *Id.* at 25–26.

[120] *Id.*

[121] *Id.*

[122] *Id.* at 18.

[123] *Id.* at 31.

[124] *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

contrast, Breaux has provided no evidence that he did not understand the consequences of his actions. Accordingly, the Court finds that Breaux fully understood the waiver of his right to appeal and the waiver of his right to file post-conviction motions when his plea was accepted.

However, a defendant's waiver of appeal in a plea agreement "may not be enforced against a section 2255 petitioner who claims that ineffective assistance of counsel rendered that waiver unknowing or involuntary."[125] "[A]n ineffective assistance of counsel argument survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself."[126] If the plea and waiver were knowing and voluntary and the issue challenged is properly subject to waiver, "the guilty plea sustains the conviction and sentence and the waiver can be enforced."[127] Breaux claims that his counsel was ineffective and that the claimed ineffectiveness rendered his plea agreement unknowing and involuntary. Accordingly, the waiver of appeal rights would not bar Breaux's ineffective assistance of counsel claim. Nonetheless, for the reasons that follow, the Court finds that Breaux's claims must be dismissed because they are untimely, not cognizable under Section 2255 and/or without merit.

**B.    Timeliness**

28 U.S.C. § 2255 establishes a one-year statute of limitations for the filing of motions to set aside or correct a sentence. A movant generally must file his claims for relief within one year of the date when his conviction becomes final.[128] "When a defendant does not file a direct appeal, his

---

[125] *United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002) (citing *United States v. Henderson*, 72 F.3d 463, 465 (5th Cir. 1995)).

[126] *Id.* at 343.

[127] *Id.* at 343–44.

[128] *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 1282 (2013).

conviction becomes final on the day when the time for filing a direct appeal expires."[129] Breaux was sentenced on November 14, 2013.[130] Therefore, he had until November 28, 2013, to file a notice of appeal pursuant to Federal Rule of Appellate Procedure 4(b)(1)(A)(i).[131] Because Breaux did not file a direct appeal, his conviction became final on November 28, 2013. Breaux did not file a "Motion for Review of Sentence, Pursuant to 18 U.S.C. § 3742(a)(1)," which the Court construed as a Section 2255 motion, until February 5, 2015,[132] more than one year after his conviction became final. Accordingly, Breaux's initial motion and all later-filed motions are untimely under 28 U.S.C. § 2255(f)(1).

28 U.S.C. § 2255(f) provides alternative trigger dates for the one-year limitations period, including:

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Breaux does not assert that any impediment created by governmental action prevented him from filing or that a right newly recognized by the Supreme Court applies here. Accordingly, the Court finds that Subsections (f)(2) and (f)(3) do not apply here.

Breaux claims that his counsel was ineffective and that the Court committed constitutional

---

[129] *Id.*

[130] Rec. Doc. 82.

[131] *See* Fed. R. App. P. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of either the judgment or the order being appealed.").

[132] Rec. Doc. 88. *See United States v. Franks*, 397 F. App'x 95, 88 (5th Cir. 2010) (stating that a Section 2255 motion is deemed filed the day the motion is deposited into a legal mailbox).

and procedural errors in accepting his guilty plea. These claims arise from facts that Breaux knew or easily could have discovered by the date on which his conviction became final.[133] Accordingly, the Court finds that Breaux's claims are also untimely under 28 U.S.C. § 2255(f)(4).

Because this one-year limitation period is not jurisdictional, it may be subject to equitable tolling.[134] "The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."[135] Equitable tolling "is permitted only in rare and exceptional circumstances."[136] A petitioner bears the burden of establishing entitlement to equitable tolling, and must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' of timely filing his § 2255 motion."[137]

"Proceeding pro se is alone insufficient to equitably toll the AEDPA statute of limitations. Further, the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations."[138] In *Fisher v. Johnson*, the Fifth Circuit held that equitable tolling was not justified during the petitioner's 17-day stay in a psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts, reasoning that a "brief period of incapacity during a one-year statute of limitations, even though rare, does not necessarily warrant

---

[133] *See Scruggs*, 691 F.3d at 670.

[134] *See United States v. Petty*, 530 F.3d 361, 364 (5th Cir. 2008) (citing *United States v. Wynn*, 292 F.2d 226, 230 (5th Cir. 2002)).

[135] *Id.* (quoting *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000)).

[136] *Id.* (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)).

[137] *Id.* at 365 (quoting *Lawrence v. Florida*, 549 U.S. 328 (2007)).

[138] *Petty*, 530 F.3d at 365–66 (internal citations omitted).

equitable tolling."[139]

Breaux argues that he is entitled to equitable tolling "due to his obvious disadvantage of being totally blind."[140] He contends that he has been denied meaningful access to the law library and access to the Court because the Court has refused to allow another inmate to file motions on his behalf.[141] He also asserts that he has been denied access to his case file.[142]

On March 14, 2014, prior to the expiration of the limitations period, Breaux filed a "Motion By Next Friend Seeking Permission to Proceed Under Federal Rule of Civil Procedure 17(c)(2)," requesting that the Court appoint Edgar Searcy as his "next friend" to represent his interests in this case.[143] On May 14, 2014, the Court denied the motion, reasoning that during the re-arraignment, the Court assessed Breaux's competency, and based on Breaux's own representations under oath, the Court found that he is not incompetent within the meaning of Federal Rule of Civil Procedure 17(c)(2), which provides that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem."[144] Following the denial of this motion, Breaux waited approximately nine months before filing any other motions in this Court.[145]

---

[139] 174 F.3d 710, 715 (5th Cir. 1999).

[140] Rec. Doc. 109 at 12.

[141] *Id.*

[142] *Id.*

[143] Rec. Doc. 85.

[144] Rec. Doc. 87. In *Whitmore v. Arkansas*, the Supreme Court explained that standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." 495 U.S. 149, 163 (1990). A party seeking to represent a prisoner in a 2255 proceeding must: (1) "provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action;" and (2) establish a significant relationship with and a true dedication to the best interests of the real party in interest. *Id.* at 163–64.

[145] *Id.* at 163–64.

Breaux asserts that his eye condition prevented him from timely filing his motions. Breaux generally states that he was denied access to the law library and to the Court because another inmate was not allowed to file motions on his behalf.[146] However, it is unclear from the record the amount of assistance Breaux required in preparing these motions. Breaux signed each of the motions presently pending before the Court. However, some of the motions are also signed by another inmate, Kelly Patrick Riggs.[147] Accordingly, the Court is unable to determine from the record before it whether some extraordinary circumstance stood in Breaux's way of timely filing his motions. Breaux bore the burden of establishing entitlement to equitable tolling, and the Court finds that he has not met this burden.

Moreover, even if Breaux were entitled to equitable tolling, for the reasons that follow, the Court finds that Breaux's claims are not cognizable under Section 2255 and/or without merit. In his various motions, Breaux essentially raises three claims: (1) that the Court deprived him of his constitutional rights; (2) that his conviction is a legal impossibility because he is blind and, therefore, could not have committed the crimes; and (3) that his counsel was ineffective. The Court will address each of these arguments in turn.

## C.   *Alleged Constitutional Violations Committed by the Court*

Breaux alleges that the Court committed a series of constitutional violations. Specifically he asserts that the Court: (1) denied him adequate representation; (2) appointed him counsel divesting him of his First Amendment right to petition the Government; (3) denied him "the right to a district previously ascertained by law and/or failed to properly advise the defendant his right to be tried in the district in which the crime is alledged [sic] to have been committed in;" (4) failed to properly

---

[146] Rec. Doc. 109 at 12.

[147] *See* Rec Docs. 92, 107, 112.

advise him of his Tenth Amendment rights; (5) "created a conflict of interest, and a miscarraige [sic] of justice that allows the imprisonment of the innocent citizens that the court is empowered to protect;" (6) compelled him to enter into a plea agreement; and (7) deprived him of his "due process right to offer a defense and confrontation."[148] Breaux also asserts that the Court denied him due process of law by: (1) failing to appoint investigators or experts to determine if he was legally blind or actually completely blind; (2) witnessing his inability to identify his own signature on the plea agreement; (3) failing to inform him of all essential elements of the charged offense; (4) failing to determine that a factual basis existed to support the conviction; (5) failing to appoint adequate representation; (6) failing to read the plea agreement in open court.[149] Initially, the Court notes that many of these claims have no basis in fact as the Court appointed counsel to represent Breaux, informed him of the elements of the offense during his rearraignment, determined during the rearraignment that a factual basis existed to support the conviction, and had the Assistant United States Attorney summarize the plea agreement during the rearraignment. Moreover, these claims are not cognizable under Section 2255 because Breaux failed to raise them on direct appeal.

"[A] collateral challenge may not do service for an appeal."[150] "After conviction and exhaustion or waiver of any right to appeal, '[the Court is entitled] to presume that the defendant stands fairly and finally convicted.'"[151] Aside from an ineffective assistance of counsel claim, "a defendant may not raise an issue constitutional or jurisdictional in nature for the first time on collateral review without showing both cause for his procedural default, and actual prejudice

---

[148] Rec. Doc. 88 at 1–3.

[149] Rec. Doc. 109 at 8.

[150] *United States v. Shaid,* 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 164–65 (1982)).

[151] *Id.* at 231–32.

resulting from the error."[152] In extraordinary cases, a defendant may be entitled to relief if he can establish that the error, "if condoned, would result in a complete miscarriage of justice."[153] Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent.[154]

Here, Breaux did not file a direct appeal. Accordingly, Breaux's claims that the Court committed a series of constitutional violations are procedurally defaulted.[155] Breaux makes no assertion as to why he failed to raise these claims on direct appeal. Accordingly, he has not shown cause for his procedural default. Moreover, Breaux has not shown any actual prejudice resulting from the alleged errors or that, if condoned, the alleged errors would result in a complete miscarriage of justice. Breaux argues that he is actually innocent of the crime because he alleges that he is blind and could not, therefore, be convicted of knowingly distributing child pornography. For the reasons that follow, the Court finds this argument unavailing.

### D.    *Legal Impossibility/Actual Innocence*

Breaux argues that his conviction was a legal impossibility because he is blind, and therefore, could not have knowingly distributed child pornography. In response, the Government asserts that there was sufficient evidence to support the conviction. Specifically, the Government contends that Breaux admitted to using a computer to search for, type, download, catalogue and share child pornography, and if Breaux had been completely unable to see, his use of the computer to create storage folders and input search terms would have been impossible.

---

[152] *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994).

[153] *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992) (citing *Shaid*, 937 F.2d at 232 n.7).

[154] *Shaid*, 937 F.2d at 232.

[155] The procedural default would not bar Breaux's ineffective assistance of counsel claims.

Title 18, United States Code, Section 2252(a)(2), makes it a crime to knowingly distribute any visual depiction of a minor engaging in sexually explicit conduct in interstate or foreign commerce. For a defendant to be found guilty of this crime, the government must prove each of the following beyond a reasonable doubt: (1) that the defendant knowingly distributed a visual depiction that contained materials which had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; (2) that the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct; (3) that such visual depiction was of a minor engaged in sexually explicit conduct; and (4) that the defendant knew that such visual depiction was of sexually explicit conduct and that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.[156]

In the instant case, the factual basis provides in pertinent part:

The Government would further present competent testimony and evidence that Investigators from the State of Louisiana Department of Justice - Office of the Attorney General determined that **BREAUX** was downloading and sharing images depicting the sexual exploitation of children ("child pornography") through the use of various peer-to-peer file sharing software . . . . The Government would further establish through testimony and forensic computer evidence that **BREAUX** knowingly used the computers and external hard drives to search for, download, and save images and videos of child pornography. . . . Further, the Government would establish, through introducing the results of the computer forensic search, that **BREAUX** used versions of the peer-to-peer file sharing programs Limewire and Frostwire to download and distribute child pornography. The Government would also establish that **BREAUX** typed a series of search terms to look for child pornography . . . . Breaux then stored the images in a series of folders he created . . . . Investigator Koprowski would testify that on about August 4, 2012, **BREAUX** distributed, by making publically available in the shared folder of his peer-to-peer program, a video depicting the sexual victimization of children . . . . Forensic evidence consisting of medical testimony, law enforcement officers, and supporting documentation would establish that some of the chid victims depicted in the images and videos of **BREAUX** were of real, identifiable victims, less than the age of eighteen (18) years old . . . . The testimony would further establish that the videos and images of the child victims depicted them engaging in "sexually explicit conduct

---

[156] *See* Pattern Crim. Jury Instr. 5th Cir. 2.85A (2015).

. . . ." Further, the Government would present evidence that would establish that the images of child pornography had been transported in interstate commerce via computer.[157]

Breaux confirmed that he knowingly distributed a visual depiction of a minor engaging in sexually explicit conduct in interstate or foreign commerce when he signed the factual basis and acknowledged its accuracy during his rearraignment. The word knowingly "means that the act was done voluntarily and intentionally, not because of mistake or accident."[158] In *United States v. X–Citement Video, Inc.*, the Supreme Court held that the term "knowingly" in 18 U.S.C. § 2252(a)(2) "extends both to the sexually explicit nature of the material and to the age of the performers."[159]

Breaux asserts that he could not have known that the visual depictions he distributed were child pornography because he is blind. The Court finds this argument unavailing. In the factual basis, Breaux admitted to knowingly using his computers and external hard drives to search for, download, and save images and videos of child pornography. Breaux admitted to using a series of search terms to look for child pornography, including the terms "pthc," "brutal," and "kiddy."[160] Breaux also admitted to storing the images in a series of folders he created on the devices including folders entitled "incest," "young," "crime," and "Ronnie."[161] Moreover, Breaux admitted that he distributed, by making publically available in the shared folder of his peer-to-peer program, a video

---

[157] Rec. Doc 71.

[158] *See* Pattern Crim. Jury Instr. 5th Cir. 1.37 (2015); *see also United States v. Aggrawal*, 17 F.3d 737, 744 (5th Cir. 1994).

[159] 513 U.S. 64, 78 (1994).

[160] Rec. Doc. 71 at 2.

[161] *Id.*

depicting the sexual victimization of children.[162] If Breaux had been completely unable to see, his use of the computer to create storage folders and input search terms would have been impossible. Moreover, even assuming that Breaux could not see at the time he committed the offense, he could have known of the explicit nature of the material and the age of the performers without actually being able to see it. Accordingly, the Court finds Breaux's arguments that he is actually innocent of the crime and that his conviction was a legal impossibility because he could not have knowingly distributed child pornography without merit.

### E.    Ineffective Assistance of Counsel

In his various motions, Breaux essentially makes three ineffective assistance of counsel claims: (1) that his counsel failed to sufficiently investigate his case and his eye condition; (2) that his counsel failed to present a valid and successful defense; and (3) that he was coerced involuntarily into entering a plea. The Government asserts that Breaux's argument that his counsel failed to investigate his case should be denied because Breaux does not offer any specifics as to how the investigation was insufficient or what additional investigation would have uncovered. As to counsel's failure to present a valid defense, the Government asserts that this claim is meritless because Breaux would not have been successful on a "blindness" defense. Finally, the Government contends that Breaux's claim that he was coerced into entering a guilty plea must fail because Breaux's sworn statements at his plea hearing establish that he was not threatened or forced to plead guilty.

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his

---

[162] *Id.* at 3.

defense.[163] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[164]

To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[165] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[166] Courts addressing this prong of the test for ineffective assistance of counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[167]

To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[168] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[169] As courts determine whether this prong is satisfied, they must consider "the relative role that the alleged trial errors played in the total context of [the] trial."[170]

The Supreme Court has held that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.[171] To satisfy the prejudice prong, the petitioner must show that "there is a reasonable probability that, but for counsel's errors,

---

[163] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[164] *Id.* at 697.

[165] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Matheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[166] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[167] *See Strickland*, 466 U.S. at 689.

[168] *Id*. at 694.

[169] *Id*.

[170] *Crockett*, 796 F.2d at 793.

[171] *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

he would not have pleaded guilty and would have insisted on going to trial."[172]

As noted above, Breaux makes three ineffective assistance of counsel arguments. Accordingly, the Court will address each argument in turn.

### 1.       Failure to Investigate

Breaux asserts that his counsel should have further investigated both his case and his eye condition. Specifically, Breaux asserts that counsel failed to: (1) investigate his personal or medical history to determine if his blindness was a viable defense; (2) interview witnesses to determine if he was pre-disposed to commit such crimes; (3) conduct interviews to determine if others had access to the computer; (4) advise Breaux that a jury must find that he knew the images were on the computer and that he put the images there; (5) discover how agents singled Breaux out as the only possible perpetrator; and (6) object to the Court's failure to comply with Rule 11 of the Federal Rules of Criminal Procedure.[173]

"A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."[174] Courts must consider "whether the known evidence would lead a reasonable attorney to investigate further."[175] Courts apply a "heavy measure of deference to [an attorney's] judgments."[176]

Breaux does not allege with any specificity what further investigation into his case would

---

[172] *Id.* at 59.

[173] Rec. Doc. 109 at 5.

[174] *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citing *Gray v. Lucas*, 677 F.2d 1086 (5th Cir. 1982); *United States v. Lewis*, 786 F.2d 1278 (5th Cir.1986); *Alexander v. McCotter*, 775 F.2d 595 (5th Cir. 1985)).

[175] *Wiggins v. Smith*, 539 U.S. 510, 527 (2003).

[176] *Id.* at 522 (quoting *Strickland*, 466 U.S. at 690–91).

have revealed. As to his argument that counsel should have investigated his eye condition, the record reflects that counsel was aware of Breaux's eye condition. Specifically, the Government filed a motion *in limine* seeking to exclude non-expert testimony as to Breaux's degree of sight.[177] Breaux's counsel responded to the motion, asserting that Breaux's degree of sight could be relevant to the voluntariness of an alleged confession.[178] Moreover, the presentence investigation report described Breaux's eye condition with particularity, noting that it was a degenerative condition.[179] Breaux has not shown what further investigation into his case or his eye condition would have revealed or how it would have altered the outcome of the case. Accordingly, the Court finds that Breaux has not met his burden of showing that counsel performed deficiently in failing to further investigate either his case or his eye condition.

### 2.    Failure to Present a Valid and Successful Defense

Breaux also asserts that his counsel failed to present a valid and successful defense, specifically the defense that he could not have committed the crime because he was blind. "[A] conscious and informed decision on trial tactics and strategy cannot be the basis of constitutionality ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."[180] "At the same time, however, courts are 'not required to condone unreasonable decisions parading under the umbrella of strategy, or to fabricate tactical decisions on behalf of counsel when it appears on the face of the record that counsel made no strategic decision

---

[177] Rec. Doc. 34.

[178] Rec. Doc. 53.

[179] Rec. Doc. 76 at 12.

[180] *Richards v. Quarterman*, 566 F.3d 553, 564 (5th Cir. 2009).

at all.'"[181]

Breaux has not shown that his counsel performed deficiently in failing to raise a blindness defense. As discussed above, in the factual basis, Breaux admitted typing in specialized search terms seeking child pornography. He also admitted to creating unique folders for the purpose of cataloguing the child pornography. As discussed above, if Breaux had been completely unable to see, his use of the computer to create storage folders and input search terms would have been impossible. Moreover, even assuming that Breaux could not see at the time he committed the offense, he could have known of the explicit nature of the material and the age of the performers without actually being able to see it. Accordingly, the Court finds that Breaux has not met his burden of showing that counsel performed deficiently in failing to present a blindness defense.

### 3.      Coerced Plea

Finally, Breaux argues that his counsel coerced him into entering a guilty plea. "Solemn declarations in open court carry a strong presumption of verity."[182] In *United States v. Abreo*, the Fifth Circuit found that a signed, unambiguous plea agreement should be "accorded great evidentiary weight" when determining whether a plea was entered knowingly and voluntarily.[183]

Pursuant to Federal Rule of Criminal Procedure 11(c), the Court advised Breaux and determined that he understood, among other things, the nature of the charge to which he was pleading guilty, the maximum punishment of imprisonment and fines for conviction, and the terms of post-imprisonment supervision.[184] During the rearraignment, the Court specifically confirmed that

---

[181] *Id.* (quoting *Moore v. Johnson*, 194 F.3d 586, 604 (5th Cir. 1999)).

[182] *Blackledge*, 431 U.S. at 73–74.

[183] 30 F.3d 29, 32 (5th Cir. 1994).

[184] Rec. Doc. 106-1 at 9–12.

Breaux understood the terms and conditions of the plea agreement and that he had not been induced or persuaded to plead guilty because of any promises or threats made by anyone.[185] Accordingly, the Court finds that Breaux has not met his burden of showing that counsel performed deficiently by allegedly coercing him into entering a guilty plea.

### F.    *Entitlement to an Evidentiary Hearing and Appointed Counsel*

Section 2255(b) requires the Court to "grant a prompt hearing" on any motion filed under its auspices, "[u]nless the motion and the files and records of the case conclusively show the prisoner is entitled to no relief." For the reasons stated above, the Court finds that the motion, files and record of the case conclusively show that Breaux is not entitled to relief. Accordingly, the Court finds that an evidentiary hearing is not warranted here. The Supreme Court has recognized that the Sixth Amendment right to appointment of counsel does not extend to prisoners collaterally attacking their convictions.[186] However, where the Court orders an evidentiary hearing, "section (c) of Rule 8 [of the Rules Governing Section 2254 and 2255 Cases] mandates that the judge shall appoint counsel for an indigent defendant."[187] Because an evidentiary hearing is not warranted here, Breaux is not entitled to appointed counsel.

## IV. Conclusion

For the foregoing reasons, the Court finds that Breaux's claims must be dismissed because they are untimely, not cognizable under Section 2255 and/or without merit. Specifically, the Court finds that the motion is untimely because Breaux failed to meet his burden of establishing entitlement to equitable tolling. Alternatively, the Court finds that Breaux's claims that the Court

---

[185] *Id.* at 18.

[186] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).

[187] *See United States v. Vasquez*, 7 F.3d 81 (5th Cir. 1993).

committed constitutional errors are not cognizable under Section 2255 because he did not raise them on direct appeal. Moreover, Breaux has not shown that he is actually innocent of the offense, nor has he established that his counsel performed deficiently to succeed on his ineffective assistance of counsel claims. Accordingly,

**IT IS HEREBY ORDERED** that Breaux's "Motion for Review of Sentence Pursuant to 18 U.S.C. § 3742(a)(1),"[188] "Motion that this Court Issue a Writ to Vacate this 'Void' Judgment in an Effort to 'Quae Coram Nobis Resident,'"[189] Motion to Appoint Counsel,[190] two identical "Motion[s] to Challenge the Process of this Case as 'Plain Error' and/or reverse the Void Judgment and Conviction of this Court, Pursuant to Fed. R. Crim. P., [sic] Rule 52(b),"[191] a "Motion to Request Evidentiary Hearing,"[192] a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody,"[193] and a "Motion to Compel Judgment, Pursuant to Federal Rules of Civil Procedure, Rule 12(c)"[194] are **DENIED**.

**NEW ORLEANS, LOUISIANA**, this ___11th___ day of April, 2016.

_Nannette Jolivette Brown_
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[188] Rec. Doc. 88.

[189] Rec. Doc. 92.

[190] Rec. Doc. 96.

[191] Rec. Docs. 98 and 99.

[192] Rec. Doc. 108.

[193] Rec. Doc. 109.

[194] Rec. Doc. 112.